UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:19-cv-00612-GW-KS                           Date:  February 5, 2019

Title   *Sydney A. Petillo v. Judge Honorable Patricia L. Collins, et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO NAME PROPER REPSONDENT AND UNEXHAUSTED PETITION FOR WRIT OF HABEAS CORPUS**

On January 25, 2019, Sydney Askari Petillo ("Petitioner), a California state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition"). (Dkt. No. 1.)  The opening paragraph of the handwritten Petition refers to 28 U.S.C. section 2254 "and also 28 U.S.C. § 2242(d)."[1]  (Petition at 1.)

Petitioner is currently housed at Corcoran State Prison in Corcoran, California after having been convicted of homicide.  (Petition at 1.)  The Petition does not anywhere indicate when or where Petitioner was convicted and does not appear to challenge Petitioner's conviction or sentence.  Rather, Petitioner challenges "the Board of Prison Terms theory of [Petitioner] not having remorse or insight into the nature of criminal history as aspect of crime." (*Id*. at 2.)  Petitioner states that he is "contesting the validity of said notion" as determined at a 2013 Parole Board hearing. (*Id.*)  Petitioner states that "[t]he judicial responsibility of

---

[1]    28 U.S.C. § 2241(d) provides that "where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him each of such district courts shall have concurrent jurisdiction to entertain the application."

the court is to evaluate the good time credit earned and the interrelation of the color of law." (*Id.*)  Further, Petitioner appears to ask the Court to "impose a more favorable finding the next 2023 parole board hearing." (*Id*. (errors in original))  To that end, Petitioner attaches to the Petition a "3rd remorse letter" to Duanne L. Jones (the person whom Petitioner killed),  along with numerous certificates of achievement indicating Petitioner's successful completion of educational and psychological programs while incarcerated.  The Court has identified two critical defects in the Petition.

First, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires that a petitioner seeking relief under 28 U.S.C. § 2254 must name the "state officer who has custody" as the Respondent.  Habeas Rule 2(a).  The proper Respondent is usually the warden of the facility where Petitioner is currently housed.  *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Here, Petitioner has named California Superior Judge Patricia L. Collins (Ret.) and "victims Duanne L. Jones, and Family and Friends" as respondents.  None of these individuals are proper respondents under § 2254.  "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction."  *Stanley*, 21 F.3d. at 360.

Second, even if Petitioner had named the proper respondent, the Petition is unexhausted. Petitioner challenges the decision of the Parole Board at a 2013 hearing. (Petition at 2.)  He appears to want the Court to assure that the documents attached to the Petition, which he believes show his remorse and changed way of life, will be presented to the Parole Board for a parole hearing that will not occur until 2023 – some four years hence.  The United States Supreme Court has held that if the Parole Board "denies parole, the prisoner can seek judicial review in a state habeas petition." *Swarthout v. Cooke*, 562 U.S. 216, 217 (2011).  There is no

indication that Petitioner presented his parole claim to either the California Court of Appeal or the California Supreme Court.  Thus, the Petition is unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  Because it appears that Petitioner has not presented his claim to the California Supreme Court, the Petition is subject to dismissal.  *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party); Habeas Rule 4 (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2.

Because Petitioner has not listed the warden of his facility as the Respondent to the Petition, the Court lacks jurisdiction.  Moreover, the Petition is subject to dismissal for lack of exhaustion.  However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before March 7, 2019** why the action should not be dismissed for lack of jurisdiction and lack of exhaustion.  Petitioner may discharge this OSC by doing  one of the following:

(1) File a First Amended Petition that both:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:19-cv-00612-GW-KS                                                    Date:  February 5, 2019
Title    Sydney A.  Petillo v. Judge Honorable Patricia L. Collins, et al

    a. names as Respondent the Warden of the facility where Petitioner is currently housed; <u>and</u>

    b. establishes that the exhaustion process is complete – that is, that Petitioner presented his claim for habeas relief related to the Parole Board's 2013 determination to the California Supreme Court and the California Supreme Court adjudicated the claim.

<u>OR</u>

(2) File a signed notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedures.

**If Petitioner files a signed notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, the resulting dismissal will be without prejudice to Petitioner's ability to re-present his claim(s) in a subsequent federal habeas petition.  However, the Court makes no determination at this time regarding the timeliness of any future petition.**

**If Petitioner fails to file a response that complies with this Order by the March 4, 2019 deadline, the Court may recommend dismissal of the Petition.**

    **IT IS SO ORDERED**.

 

|  | 0 : 00 |
|---|---|
| **Initials of Preparer** | CSI |