UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-612-GW (KS)                                Date: March 12, 2019

Title   *Sidney A. Petillo v. Honorable Patricia L. Collins et al*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Gay Roberson   |                           |
|-----------------|---------------------------|
|  Deputy Clerk   | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On January 25, 2019, Petitioner a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").  (Dkt. No. 1.)  On February 5, 2019, the Court instructed Petitioner that the Petition was subject to dismissal because it did not name the proper respondent and was wholly unexhausted. (Dkt. No. 3.)  The Court ordered Petitioner to show cause why the action should not be dismissed and instructed Petitioner that, to discharge the Order, he must file, no later than March 7, 2019, either a Notice of Voluntary Dismissal or a First Amended Petition that names as Respondent the warden of the facility where Petitioner is housed and establishes that the exhaustion process is complete.  (Dkt. No. 3.)  On February 6, 2019, the Postal Service returned as undeliverable the Court's Notice of Reference to U.S. Magistrate Judge (Dkt. No. 4), and, on February 11, 2019, the Postal Service returned as undeliverable the Court's February 5, 2019 Order to Show Cause (Dkt. No. 5).  The envelope returning the February 5, 2019 Order to Show Cause was marked "Return to Sender," "Attempted – Not Known," and "Unable to Forward."  (Dkt. No. 5.)

Local Rule 41-6 states that "[i]f mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  In this case, over a month has passed since the Court's February 5, 2019 Order to Show Cause was returned undelivered by the Postal Service,

and Petitioner has not notified the Court of his current address.  Accordingly, the Court may now recommend dismissal of the Petition based on Petitioner's failure to keep the Court informed on his current address as required by the local rules.

However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before March 26, 2019**, why the Court should not recommend that this action be dismissed.  Petitioner may discharge this Order by filing a notice of change of address.  Alternatively, if Petitioner does not wish to pursue this action, he may dismiss the Petition without prejudice by filing a signed documented entitled "Notice Of Voluntary Dismissal" pursuant to Rule 41(a)(2).

**Petitioner is advised that his failure to respond to this order will lead the Court to recommend dismissal pursuant to Rule 41-6 of the Local Rules.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |